UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | |
|---|---|
| CHARLESETTA T. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action Number |
| | ) 2:14-cv-104-AKK-PWG |
| TROY UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

On August 22, 2016, the magistrate judge entered a report and recommendation, doc. 50, regarding Troy University's motion for summary judgment, doc. 44, and the parties were allowed fourteen (14) days within which to file objections to the recommendations made by the magistrate judge. On September 6, 2016, Jones filed objections to the magistrate's report and recommendation that focused primarily on the magistrate judge's findings that her Title VII claims were time barred.[1] Doc. 51. However, even if Jones' claims were

---

[1] Jones also challenges the report and recommendation's findings related to her Fifth Amendment claim. *See* doc. 51 at 1–7. However, as the report and recommendation notes, "Jones has misunderstood the exception for equitable relief . . . and [because] Jones has not named as a defendant any state official against whom an injunction could be entered," her claim fails. Doc. 50 at 14–16. Finally, Jones does not challenge the report and recommendation as it relates to her state law claim for tortious interference with employment. Therefore, she has waived any challenge to this claim. *See Farrow v. West*, 320 F.3d 1235, 1248 n.21 (11th Cir. 2003) (holding that the failure to challenge a magistrate judge's order waives the issue in district court); *see also* Fed. R. Civ. P. 72(a).

1

timely—and they are not for the reasons stated in the report and recommendation—these claims would still fail for the reasons outlined below.

First, the five incidents she identified in her brief in support of her harassment claim, doc. 45-1 at 25, hardly rise to the severe and pervasive level required under established circuit law. *See, e.g., Miller v. Kenworth of Dothan, Inc.,* 277 F.3d 1269, 1275 (11th Cir. 2002) (explaining that a hostile work environment claim "is established upon proof that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently pervasive to alter the conditions of the victim's employment and create an abusive working environment.") (internal citations omitted). Moreover, she failed to establish that she followed the procedure outlined in the anti-harassment policy to report the alleged harassing incidents to Troy University and instead focuses on constructive notice based on a report she made about a co-worker being "rude and disrespectful." *See* doc. 45-1 at 17–18. The court is uncertain how a report of "rude and disrespectful" behavior is sufficient to place an employer on notice of an alleged racially hostile environment instead of general workplace friction. Even ignoring this fact, Jones' actions still fall short because when an employer has outlined specific procedures to report harassment, the relevant inquiry is "whether [Jones] made reasonably sufficient use of the channels created by [Troy University's] to put [Troy University] on notice of the ongoing harassment."

*Coates v. Sundor Brands, Inc.,* 164 F.3d 1361, 1364 (11th Cir. 1999). Based on the record before the court, Jones failed to utilize the mechanisms outlined by the anti-harassment policy to report the alleged harassment.

Second, with respect to her race discrimination claim, Jones seems to suggest that Troy University has the burden to prove that she cannot make a prima facie case and that her discrimination claim fails. *See* doc. 45-1 at 36–37, 41. To the contrary, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253 (1981); *see also Holland v. Gee*, 677 F.3d 1047 (11th Cir. 2012). Jones has failed to meet that burden here or to establish that Troy University's articulated reasons for the actions she challenges are pretext for unlawful discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515–516 (1993) ("[A] reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason.") (internal citations and quotations omitted).

Finally, with respect to the retaliation claim, as Troy University points out, Jones failed to establish that she engaged in statutorily protected activity or that a causal connection exists between any such activity and any adverse conduct. Moreover, Jones also failed to rebut Troy University's articulated reasons for the

purported retaliatory conduct. *See, e.g., Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000).

Accordingly, having reviewed the pleadings, the briefs, the magistrate's report and recommendation, and the objections to the report, the court hereby **ADOPTS** the report of the magistrate judge. The court further **ACCEPTS** the recommendation of the magistrate judge that Troy University's motion for summary judgment be **GRANTED** and this action is **DISMISSED WITH PREJUDICE.**

**DONE** the 20th day of October, 2016.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE